**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GUY MCEACHIN,**

              **Petitioner,**

  v.                                          **Civil Action No.**
                                                  **9:08-CV-17 (TJM)**

**JAMES T. CONWAY, Superintendent,**
  **Attica Correctional Facility,**

              **Respondent.**

---

**APPEARANCES:**

**FOR THE PETITIONER**:

GUY MCEACHIN, 00-A-5257
Petitioner *Pro Se*
Attica Correctional Facility
P.O. Box 149
Attica, New York, 14011

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**            **LEILANI J. RODRIGUEZ, ESQ**.
Attorney General for the State of New York    Assistant Attorney General
120 Broadway
New York, New York 10271

**THOMAS J. MCAVOY,**
**SENIOR U.S. DISTRICT JUDGE**

## ORDER

      Guy McEachin ("Petitioner") filed an amended petition for a writ of a habeas corpus

on March 17, 2008, alleging that his February 7, 2005 conviction in Franklin County Court

was unconstitutionally obtained.  *See* Dkt. No. 5.  Petitioner asserted in his amended petition

that he had not exhausted two of his claims: (1) that the trial court failed to inform him that the

dangerous contraband statute is unconstitutionally vague (Ground Three, ¶12(C)); and (2) that

the trial court erred when it permitted him to proceed *pro se* because he was under the care of

the "office of mental health" and was taking prescribed medication. (Ground Four, ¶12(D)).

Dkt. No. 5 at pp. 4-6.  Petitioner further stated that a motion to vacate his conviction  pursuant

to New York's Criminal Procedure Law ("CPL") § 440.10, in which these claims have been

raised, is pending in state court.  *Id.* at p. 4, ¶ 11(c); p. 6, ¶ 13.

By Order dated June 16, 2008, Petitioner was directed to file an affidavit advising the

Court regarding whether he wished to (1) withdraw the unexhausted claims; (2) withdraw the

entire petition pending exhaustion of the unexhausted claims; or (3) file a motion to stay his

amended petition.  Dkt. No. 9. Petitioner was further ordered to provide the Court  with the

dates upon which each of his CPL § 440 motions had been filed and denied. *Id.* Petitioner has

not complied with that Order, which explicitly advised him that his failure to comply **"within**

**thirty (30) days**" of the filing date of the Order would "result in the automatic dismissal of the

petition." Dkt. No. 9 at 6.  Accordingly, the petition is dismissed without prejudice.[1] *See*

*Baker v. Poole*, No. 07-CV-0512, Dkt. No. 3 (N.D.N.Y. Jun. 1, 2007)(Scullin, J.)(habeas

petition dismissed, without prejudice, where a CPL § 440 motion was pending in state court);

*Foster v. Spitzer*, No. 07-CV-0103, 2007 WL 1531904 (N.D.N.Y. Mar. 5, 2007)(Kahn,

J.)(habeas petition dismissed where petitioner had not yet completed state appellate review of

his claims); *Hendricks v. West*, No. 05-CV-925, 2005 WL 3097898, at *1-2 (N.D.N.Y. Nov.

17, 2005)(Scullin, J.)(habeas petition dismissed, without prejudice, for failure to exhaust state

---

[1] The June 16, 2008 Order further advised Petitioner that "The dismissal shall not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition." Dkt. No. 9 at 6.

court remedies where a CPL § 440 motion was pending in state court); *Berry v. Superintendent*, No. 05-cv-760, 2005 WL 1660116, at *1-2 (N.D.N.Y. Jul. 7, 2005)(Scullin, J.)(same); *Ruine v. Senkowski*, No. 00 Civ. 3798, 2000 WL 1530020, at *2 (S.D.N.Y. Oct. 16, 2000) ("if a § 440 motion is pending, state court remedies have not yet been exhausted, and the habeas petition must be dismissed."). Petitioner is granted leave to re-file within the statute of limitations period once his state court remedies have been exhausted.[2]

WHEREFORE, it is hereby

ORDERED, that this action is **DISMISSED WITHOUT PREJUDICE**; and it is

ORDERED, that the Clerk is directed to serve a copy of this Order in accordance with the Local Rules upon Petitioner, the Respondent and the Attorney General of the State of New York.

**IT IS SO ORDERED**
Dated:August 7, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] The Court advises Petitioner that he must file his petition for habeas relief within one year of the judgment of conviction becoming final. 28 U.S.C. § 2244(d)(1). A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001). *See also Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (holding that decision becomes final "'where . . . the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed'" (quotation omitted)).  However, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). *See Williams v. Breslin*, No. 03 Civ. 1848, 2004 WL 242447, at *2 (S.D.N.Y. Feb. 11, 2004) (*quoting Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)(*per curiam*), *cert. denied* 531 U.S. 840 (2000)).  To avoid any problems with the statute of limitations, Petitioner should file any renewed § 2254 habeas petition **promptly** after disposition of the pending action in state court.

4